# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BRIAN CRISMAN,

    Petitioner,

vs.

STATE OF NEVADA, *et al.*,

    Respondents.

Case No. 2:14-cv-01702-GMN-CWH

**ORDER**

    This action, filed by a Nevada state prison proceeding *pro se*, was opened by the Clerk of Court as a habeas corpus action pursuant to 28 U.S.C. § 2254.

    The Court has conducted a preliminary review of the documents initiating this action pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable under federal habeas corpus. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). A state law issue cannot be mutated into one of federal constitutional law merely by invoking the specter of a due process violation. *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996), *cert. denied*, 522 U.S. 881 (1997). Petitioner must demonstrate the existence of federal constitutional law which establishes the right in question. The Court must dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990).

    Petitioner initiated this action by filing a "motion [for] modification of sentence." (ECF No. 1). The motion is captioned for a Nevada state court. (ECF No. 1, at p. 1). Petitioner does not allege violation of a federal constitutional right. Rather, petitioner has submitted a motion for

modification of his sentence pursuant to Nevada state law, apparently intended for review by a Nevada state court. There is no actual petition and petitioner's motion for modification does not set forth a viable claim for federal habeas corpus relief. As such, this action must be dismissed. *See* Rule 4, Rules Governing Section 2254 Cases. The Court further notes that petitioner has been afforded an opportunity to submit a proper petition, as the Clerk of Court sent petitioner a blank habeas corpus form and instructions on October 15, 2014. Finally, the Court notes that petitioner has since filed a habeas corpus petition in a new action, opened as case number 3:14-cv-636-HDM-WGC. It is therefore appropriate to dismiss this action for lack of a proper petition and failure to state a cognizable claim for federal habeas relief.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED WITH PREJUDICE** for lack of a proper petition and failure to state a cognizable claim for federal habeas relief.

**IT IS FURTHER ORDERED** that all pending motions in this action are **DENIED.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.** Reasonable jurists would not find the dismissal of the improperly-commenced action without prejudice to be debatable or wrong.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly.

**DATED** this 23rd day of July, 2015.

Gloria M. Navarro, Chief Judge
United States District Court